UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | | |
|---|---|---|
| EDDIE RICHMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action Nos. 5:16-10846 |
| v. | ) | |
| | ) | |
| RALEIGH COUNTY, WEST VIRGINIA, | ) | |
| | ) | |
| Defendant. | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees or Costs (Document No. 1), filed on November 14, 2016. Having examined Plaintiff's Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Application to Proceed Without Prepayment of Fees be denied and this matter be dismissed.

## FACTUAL BACKGROUND

On November 14, 2016, Plaintiff, acting *pro se* and in confinement at Stevens Correctional Center in Welch, West Virginia, filed his Complaint claiming entitlement to relief under 42 U.S.C. §1983.[1] (Document No. 2.) Plaintiff names the Raleigh County Court System, West Virginia, as the sole Defendant. (Id.) Plaintiff appears to be challenging the validity of his conviction in State court proceedings. (Id.) Specifically, Plaintiff alleges that "the Raleigh Court System violated my right to due process." (Id.) In support, Plaintiff states as follows:

> When I was questioned by the Police Officer, I did not have an attorney present. I
> did not know my rights because I'm not very well educated. Attorney Steve

---

[1]  Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

> Bostic told my sister that I was being done wrong. There was no presentence investigation report submitted to the Court. My court appointed attorney misrepresented me. The Court used a tape recording as evidence against me in court, and the plea agreement was that I was to do six years. I've been incarcerated for eleven years. The physical examination of the victim did not show any physical damage, the police officer that arrested me threaten me and told me that I'll do life in prison. The victim wanted to withdraw her statement because the incident never happened.

(Id.) As relief, Plaintiff requests monetary damages. (Id.)

As Exhibits, Plaintiff attaches the following; (1) A copy of the Docket Sheet for State of West Virginia v. Eddie Richmond, Case No. 06-F-320 (Raleigh Co. Jan. 29, 2013) (Id., p. 5.); and (2) A copy of the Docket Sheet for State of West Virginia v. Eddie Richmond, Case No. 05-F-90 (Raleigh Co. Jan. 29, 2013) (Id., p. 6.).

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); <u>Loe v. Armistead</u>, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." <u>Miller v. Jack</u>, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. <u>Weller v. Department of Social Servs.</u>, 901 F.2d 387 (4th Cir.1990)).

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." <u>Turner v. Safley</u>, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived her of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

1.      **Improper Party:**

As stated above, to state and prevail upon a claim under Section 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived her of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. In Monell, the Supreme Court recognized that municipalities and municipal officials sued in an official capacity are suitable "persons" for such purposes. Monell, 436 U.S. at 690, 98 S.Ct. at 2035. The Supreme Court, however, later clarified that states, state agencies, or state officials sued in their official capacities cannot be sued for damages under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989)(suits against a state or state agencies for monetary damages are barred by the Eleventh Amendment to the United States Constitution); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 117, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); Westinghouse Elec. Corp. v. West Virginia Dept. of Highways, 845 F.2d 468, 470 (4th Cir.), cert. denied, 488 U.S. 855, 109 S.Ct. 143, 102 L.Ed.2d 116 (1988). Accordingly, the undersigned finds that the Raleigh County Court System must be dismissed because it is not a "person" as required by Section 1983.

2.      **Heck:**

Plaintiff appears to allege that his constitutional rights were violated during the course of his criminal proceedings in the Circuit Court of Raleigh County. Specifically, Plaintiff challenges the validity of his conviction based upon allegations of a *Miranda* violation, denial of the right to counsel upon arrest, denial of effective assistance of counsel, and breach of the plea agreement. Given the nature of Plaintiff's allegations, it appears that Plaintiff is implying that his conviction is invalid as a result of various constitutional violations during criminal proceedings

in the Circuit Court of Raleigh County, West Virginia. Consequently, the undersigned finds that Plaintiff has failed to state a cognizable claim under Section 1983 pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In <u>Heck</u>, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

<u>Id.</u> at 486-87, 114 S.Ct. 2372. <u>See</u> <u>also</u> <u>Ballenger v. Owens</u>, 352 F.3d 842 (4th Cir. 2003)(holding that an arrestee's Section 1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under *Heck,* since judgment in arrestee's favor would have implied the invalidity of conviction). Plaintiff does not indicate that he has been successful in a direct appeal or in *habeas* proceedings. The undersigned, therefore, finds that because Plaintiff has not demonstrated that his criminal conviction has been invalidated, Plaintiff's Section 1983 claim is not cognizable pursuant to <u>Heck</u>. Accordingly, the undersigned respectfully recommends that the above claims be dismissed.

<u>**PROPOSAL AND RECOMMENDATION**</u>

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees or Costs (Document No. 1), **DISMISS** Plaintiff's Complaint (Document No. 2) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is

5

hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se.*

Date: September 19, 2019.

Omar J. Aboulhosn
United States Magistrate Judge